**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
CARLOS ORTIZ,

                              Plaintiff,          **MEMORANDUM OF**
            -against-                        **DECISION AND ORDER**
                                                        10-CV-3747 (ADS)(ETB)

GREEN BULL, INC., HOWARD
MANUFACTURING CO., and WERNER
COMPANY,

                              Defendants.
-----------------------------------------------------------X

**APPEARANCES:**

**Ahmuty, Demers & McManus**
*Attorneys for the Plaintiff*
200 I.U. Willets Road
Albertson, NY 11507
        By: Mark A. Panzavecchia, Esq., Of Counsel

**Catalano, Gallardo & Petropoulos, LLP**
*Attorneys for Green Bull, Inc.*
100 Jericho Quadrangle, Suite 326
Jericho, NY 11753
        By: Maria Massucci, Esq.
            Domingo R. Gallardo, Esq., Of Counsel

**Lewis Brisbois Bisgaard & Smith LLP**
*Attorneys for Werner Company. Inc.*
77 Water Street, Suite 2100
New York, NY 10005
        By: Carolyn Rose Comparato, Esq., Of Counsel

**NO APPEARANCE**
Howard Manufacturing, Co.

**SPATT, District Judge**.

    On August 13, 2010, the plaintiff, Carlos Ortiz ("the Plaintiff"), commenced this action

against Green Bull, Inc. ("Green Bull"), Howard Manufacturing Co., and Werner Company

seeking damages for an injury he sustained on January 10, 2008 when he fell from a ladder allegedly manufactured by the defendants ("the initial complaint").

On December 10, 2010, United States Magistrate Judge E. Thomas Boyle held an initial pre-trial conference in this matter. Counsel for Green Bull made a limited appearance at this conference for the purposes of noting that it had not yet been served. As a result, on January 7, 2011, The Plaintiff filed an amended complaint: (1) alleging that Green Bull, a company incorporated in the State of Kentucky, had formally dissolved on November 3, 2009 and (2) naming as an additional defendant Liberty Surplus Insurance Corporation ("Liberty"), the insurance company that allegedly insured Green Bull on the date of the accident. According to The Plaintiff, Liberty, through its respective agents, "acted as agents, through correspondence and telecommunications, on behalf of Greenbull, Inc., prior and subsequent to Greenbull's dissolution as a corporate entity on or about November 3, 2009." (Am. Compl., ¶ 6.) The Plaintiff further alleged that, after diligent efforts to locate a possible entity upon which to execute service on Green Bull, Liberty was the only entity that could accept service on Green Bull's behalf. Also on January 7, 2011, The Plaintiff filed a second amended complaint, revising a number of allegations that improperly identified the accident as occurring on January 1, 2008 when it occurred on January 10, 2008.

On January 20, 2011, The Plaintiff attempted to effectuate service on Green Bull by serving Liberty. Although The Plaintiff contends that Liberty accepted service on Green Bull's behalf, counsel for Green Bull allegedly informed the Plaintiff on January 24, 2011 that it had still not yet appeared in the litigation because Green Bull had not yet been served. Thereafter, the Plaintiff voluntarily dismissed his claims against Liberty on March 16, 2011. (See Docket Entry # 18.)

Subsequently, on March 25, 2011, the Plaintiff filed a motion for alternative service of process, seeking an order from the Court permitting the Plaintiff to serve Green Bull by service on Liberty. The Plaintiff contends that, as a dissolved foreign corporation not authorized to do business in New York, service on Green Bull is impracticable. Furthermore, the Plaintiff contends that service on Green Bull through Liberty will sufficiently notify Green Bull of the action against it because: (1) the Plaintiff has frequently been in contact with Liberty regarding the accident since it occurred in Liberty's capacity as Green Bull's insurer; (2) Liberty, as Green Bull's insurer, will ultimately be responsible for paying any damages assessed against Green Bull; and (3) Liberty previously accepted service on Green Bull's behalf and Green Bull's limited appearance reflects that such service gave Green Bull sufficient notice of the action. To date, there has been no opposition to the motion for alternative service.

Also on March 25, 2011, Green Bull filed a letter motion to dismiss the complaint pursuant to Federal Rule of Civil 12(b)(5) for improper service, and pursuant to 12(b)(2) for lack of personal jurisdiction. On March 29, 2011, the Plaintiff submitted a letter opposition. The Court rejected the motion and opposition without prejudice for violating the Court's individual rules governing motion practice. Green Bull renewed its motion to dismiss for lack of jurisdiction and insufficient service of process on April 20, 2011. To date there has been no response to this motion.

The Court will address the Plaintiff's motion for alternative service and Green Bull's motion to dismiss in turn below.

## I. MOTION FOR ALTERNATIVE SERVICE

Service of process on a corporation within a judicial district of the United States may be completed either by serving a copy of the summons and the complaint "to an officer, a managing

3

or general agent, or any other agent authorized by appointment or by law to receive service of process . . . [and] mailing a copy of each to the defendant" or by "following the state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Here, where the case has been brought in the Eastern District of New York, service of the complaint on Green Bull is governed by New York law.

Under New York law, service of process on a foreign corporation is governed by CPLR § 311, which provides that service upon a corporation shall be made by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service". N.Y. C.P.L.R. § 311(a)(1).

If service on a corporation is "impracticable" under CPLR § 311(a)(1) or "any other law", pursuant to CPLR § 311(b) the court may direct the plaintiff to serve the summons and complaint by alternate means. N.Y. C.P.L.R. § 311(b). "The meaning of 'impracticable' will depend upon the facts and circumstances of the particular case". Markoff v. South Nassau Cmty. Hosp., 91 A.D.2d 1064, 1065, 458 N.Y.S.2d 672, 673 (2d Dep't 1983). To show that service is otherwise impracticable, a plaintiff "'must make some showing that the other prescribed methods of service could not be made'". S.E.C. v. Nnebe, No. 01-CV-5247, 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003) (quoting Markoff, 458 N.Y.S.2d at 673, 91 A.D.2d at 1065); see also D.R.I., Inc. v. Dennis, No. 03-CV-10026, 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004) (holding that "[p]laintiff has shown that service is impracticable under the methods specified by New York and Federal Rules of Civil Procedure" where plaintiff attempted unsuccessfully to serve defendant personally at his last known address, performed a "skip trace" search using a process server, and performed searches on the internet).

Here, the Plaintiff seeks to serve Green Bull through Liberty, its liability insurance carrier, on the ground that service on Green Bull by its former officers is impracticable. The Plaintiff has identified Green Bull's former officers as Thomas Greco, John L. Becker, and Chris Prentice. There is no dispute that Mr. Becker, who was Green Bull's registered agent, is deceased and therefore service on him is impracticable. With respect to Mr. Greco and Mr. Prentice, the Plaintiff does not dispute that, under normal circumstances, these individuals would be authorized to accept service on behalf of Green Bull. Nevertheless, the Plaintiff contends that service is impracticable because Green Bull is a dissolved corporation, and therefore as a matter of law it does not have any managing or general agents that can accept service on its behalf. The Court disagrees.

In New York, dissolution does not affect a corporation's amenability to service of process. N.Y. Bus. Corp. Law § 1006(4) (McKinney's 2003) (stating that a dissolved corporation "may sue or be sued in all courts . . . in its corporate name, and process may be served by or upon it."). Valid service can be effectuated on an authorized dissolved corporation by serving the New York Secretary of State. See N.Y. Bus. Corp. L. § 1311. Alternatively where, as here, the dissolved corporation is an unauthorized foreign corporation, service can be effectuated on a dissolved corporation by serving those individuals who would have been authorized to accept service on behalf of the corporation prior to dissolution. This includes former officers of the corporation. See Balogh, Osann, Kramer, Dvorak, Genova & Traub v. Chevy's Int'l, No. 89-CV-8193, 1990 WL 74531, at *1–2 (S.D.N.Y. May 31, 1990) (holding that service on a dissolved corporation's former officer constituted valid service under CPLR § 311).

The law of Kentucky, the state where Green Bull was incorporated, similarly provides that "[d]issolution of a corporation shall not prevent commencement of a proceeding by or

5

against the corporation in its corporate name", Ky. Rev. Stat. Ann. § 271B.14-050(2)(e) (West 2011), and permits service on a registered agent or officer after the dissolution of the corporation. See Ky. R. Civ. P. 4.04(5); Corporate Servs. v. Shumaker, No. 07-CV-024, 2010 WL 4340559 (W.D. Ky. Oct. 27, 2010).

Although courts in New York have granted a motion pursuant to CPLR § 311(b) to permit alternative service on the insurer of a dissolved corporation, they have only done so when service on the dissolved corporations former officers was not an option. For example, in Cives Steel Co. v. Unit Builders, Inc., 262 A.D.2d 164, 692 N.Y.S.2d 65 (2d Dep't 1999), the defendant, a defunct corporation, appealed from a trial court's order pursuant to CPLR § 311(b) granting the plaintiff leave to serve the defendant by serving its insurer. The Second Department affirmed the lower court's decision, holding that because the plaintiff could not serve the Secretary of State, and because the "plaintiff was unable to locate a corporate officer who could be served . . . service upon the insurer was the only apparent method reasonably calculated to apprise [the defendant] of the pendency of the action against it". Id., 262 A.D.2d at 164, 692 N.Y.S. 2d at 65–66 (emphasis added); cf. Rego v Thom Rock Realty Co., 201 A.D.2d 270, 608 N.Y.S.2d 824 (1st Dep't 1994) (affirming trial court's decision granting a motion for alternative service on an individual defendant through his insurer where service on the defendant was deemed impracticable because, despite demonstrating "significant efforts", the plaintiff's investigator was unable to locate the defendant in the state or country).

By contrast, in the instant case, the Plaintiff has not shown that it is "unable to locate" either Chris Prentice or Thomas Greco. In fact, the Plaintiff does not deny that he has the requisite information to serve Mr. Greco, who is an employee of defendant Werner. As to Mr. Prentice, the Plaintiff simply states that representatives of defendant Werner informed him that

6

Mr. Prentice no longer works for the company. The Plaintiff does not indicate that he engaged in any efforts to obtain information regarding Mr. Prentice's current residence, business address, or so that service upon him would be impracticable. Thus, the Court finds that the Plaintiff has not satisfied its burden of showing that service on Green Bull by serving Chris Prentice or Thomas Greco would be impracticable so that it would warrant granting leave to serve Green Bull by alternative means. See David v. Total Identity Corp., 50 A.D.3d 1484,1485, 857 N.Y.S.2d 380, 381–82 (4th Dep't 2008) (denying a motion for alternative service pursuant to CPLR 311(b) because the plaintiff failed to show that service on the corporation's officer was impracticable where the record contained the officer's address).

Accordingly, the Plaintiff's motion to serve Green Bull by alternative service is denied without prejudice to file another motion if service upon Thomas Greco or Chris Prentice is impracticable.

## II. GREEN BULL'S MOTION TO DISMISS

Green Bull seeks dismissal of the complaint for insufficient service of process and lack of personal jurisdiction. Despite the fact that the Plaintiff filed a first amended complaint and second amended complaint with the Court on January 7, 2011, Green Bull bases its motion to dismiss on the initial complaint. Pursuant to Federal Rule of Civil Procedure 4(m), a Plaintiff is afforded 120 days after the complaint is filed to serve a defendant. Here, the plaintiff filed both the first amended complaint and second amended complaint on January 7, 2011. Accordingly, the Plaintiff had until May 7, 2011 to effectuate service on Green Bull. Because this time period was tolled pending the Court's decision on the motion for alternative service, the Plaintiff now has until December 27, 2011 to effectuate service on Green Bull. Thus, Green Bull's motion to

7

dismiss, filed on March 25, 2011, is premature. As a result, the Court denies Green Bull's motion to dismiss for lack of personal jurisdiction and for insufficient service, without prejudice.

### III.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Plaintiff's motion for alternative service pursuant to CPLR § 311(b) is denied without prejudice, and it is further

**ORDERED**, that Green Bull's motion to dismiss the complaint for insufficient service pursuant to Fed. R. Civ. P. 12(b)(5) and lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) is denied without prejudice.

**SO ORDERED.**
Dated: Central Islip, New York
November 14, 2011

                                         _/s/ Arthur D. Spatt_____
                                             ARTHUR D. SPATT
                                            United States District Judge